Affirmed and Memorandum Opinion filed May 25, 2006









Affirmed and Memorandum Opinion filed May 25, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01046-CR

____________

 

HOSEA PRESCOTT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 959,955

 



 

M E M O R A N D U M  O P I N I O N

Challenging his conviction for the felony
offense of burglary of a habitation with the intent to commit theft, appellant
Hosea Prescott asserts that (1) the evidence is factually insufficient to
support his conviction, (2) he was denied effective assistance of counsel, and
( 3) the trial court erred in allegedly permitting the prosecutor to comment on
his failure to testify during closing argument. 
We affirm. 

 

 








I.  Factual and Procedural Background

The complainant, Carolyn Johnson, lives in
a large house in an area that has both residential and commercial
buildings.  Her adult daughter lives in a
smaller, detached guest house on the same property.  Around noon on August 28, 2003, Mrs. Johnson
heard her housekeeper, Guadalupe Garcia, scream and run into the main house.
After being chased by appellant, the housekeeper was able to get to the house
first and lock the door behind her, preventing appellant from entering the
residence.  When appellant was unable to
gain entry to the main house, he headed for 
the guest house.  Both women
watched appellant as he ascended the stairs and went into the bedroom of the
guest house.  

Mrs. Johnson called the police.   She also called her brother, who happened to
work at a nearby location.  Mrs. Johnson=s brother arrived
at the scene first and locked the metal gates that surround the property.  Shortly thereafter, the police arrived.  Apparently alerted to the police presence by
sirens, appellant fled the guest house. He 
was arrested at the scene. Appellant gave various reasons to the police
as to why he had entered the residence. 
Mrs. Johnson stated that appellant did not have permission to enter the
guest house. 

Shortly thereafter, Mrs. Johnson called
her daughter, who rushed home to find her bedroom in shambles.  Her dresser drawers had been opened and their
contents disturbed. Pieces of jewelry had been removed from a jewelry box and
set on top of her dresser.  

Appellant was charged with burglary of a
habitation with the intent to commit theft. Appellant pleaded not guilty.  A jury found appellant guilty as charged and
assessed punishment at life imprisonment. 

II. 
Issues Presented

Appellant asserts three issues on appeal: 








(1)     The
evidence is factually insufficient to support his conviction of burglary of a
habitation because he testified that he was not aware that the building he
entered was a Ahabitation.@ 

(2)     He
was denied effective assistance of counsel because his trial counsel allegedly
erred in failing to object to photographs of the residence.

(3) 
   The trial court erred in
allegedly allowing the prosecutor to comment on appellant=s failure to testify. 

 

III.  Analysis

A.      Is
the evidence factually insufficient to support appellant=s conviction of burglary of a
habitation? 

 

When evaluating a
challenge to the factual sufficiency of the evidence, we view all the evidence
in a neutral light and inquire whether the jury was rationally justified in
finding guilt beyond a reasonable doubt. 
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  A reviewing court may find the evidence
factually insufficient in two ways.  Id.  First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyondBaBreasonable-doubt
standard could not have been met.  Id.  at 484B85.  In conducting the factualBsufficiency
review, we must employ appropriate deference so that we do not substitute our
judgment for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  In conducting a
factual-sufficiency review, we must discuss the evidence appellant claims is
most important in allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).








Appellant contends
in his appellate brief that the evidence is factually insufficient to support
his conviction for burglary of a habitation because he entered thinking the
building was a business, not a residence. 
Appellant argues the outside of the building had the appearance of
commercial property because a sign hung on the back of the building, there were
six or seven parking spaces for the building, and the property was located in a
commercial area of town.  Appellant
argues that, based on these indicators, he assumed the building was a  restaurant, not a home, and he entered to
seek employment. Thus, appellant contends, there is factually insufficient
evidence to prove he had intent to enter a habitation.

The essential
elements of burglary are: (1) a person; (2) without the effective consent of
the owner; (3) enters a habitation with the intent to commit a felony or theft
therein. See Tex. Pen. Code Ann. ' 30.02 (Vernon
1994); Draper v. State, 681 S.W.2d 175, 177 (Tex. App.BHouston [14th
Dist.] 1984, pet. ref=d). Conviction requires entry of a
habitation and that the one entering do so with the intent to commit a felony
or theft. Habitation means a Astructure or
vehicle that is adapted for the overnight accommodation of persons.@  Tex.
Penal Code Ann. ' 30.01(1) (Vernon 1994).  Factors to be considered in determining
whether a structure is suitable for the overnight accommodation of persons
include: (1) whether the structure was being used as a residence at the time of
the trespass; (2) whether the structure Acontained bedding,
furniture, utilities, or other belongings common to a residential structure@; and (3) whether
the structure was of such character that it was likely intended to accommodate
persons overnight.  Blankenship v.
State, 780 S.W.2d 198, 209 (Tex. Crim. App. 1989) (op. on reh=g).    Appellant
points out that Mrs. Johnson testified that the yard was big and affixed to the
building was a sign that read @Jake=s@.   Appellant argues that based on this
evidence, the building could have been mistaken for a business and any entry
could have been for a legitimate purpose, such as seeking employment
opportunities.  The record, however,
contains no evidence either that appellant mistook the Johnsons= home or guest
house for a restaurant or any other business or that appellant intended to
enter for any legitimate purpose.  The
evidence presented at trial suggests just the opposite.  








After Mrs. Johnson=s housekeeper
locked the front door to the main house behind her, appellant did not leave the
premises, as one who was there seeking employment opportunities might; instead,
appellant entered the detached guest house, which clearly was being used as a
residence and was suitable for overnight accommodations.  Appellant went into the bedroom. He searched
through the dresser drawers and removed items from the jewelry box.  Appellant exited the guest house only after the
police sirens sounded in the front of the house. 

It is within the
jury=s exclusive
province to resolve conflicts in the evidence by making determinations of the
credibility of the witnesses.  See
Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995).   A jury=s verdict is not
manifestly unjust merely because it resolved conflicting views in favor of the
State.  Cain, 958 S.W.2d at
410.   The jury is free to reject all of
the evidence in favor of appellant=s theory that he
did not believe the home was a Ahabitation@ and could believe
all of the evidence in support of the theory that appellant entered a Ahabitation@ with the intent
to commit a theft.  We conclude that the
verdict is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  The evidence is
factually sufficient to support appellant=s conviction.  Accordingly, we overrule appellant=s challenge to the
factual sufficiency of the evidence. 

B.      Was
appellant denied effective assistance of counsel? 

In his second
issue, appellant contends that he was denied effective assistance of counsel
because his trial counsel failed to lodge objections to certain photographs of
the property. 








Both the United States and Texas
Constitutions guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. art. 1.051 (Vernon 2005).  This right necessarily includes the right to
reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668,
686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Gonzales, 945
S.W.2d 830, 835 (Tex. Crim. App. 1997). 
To prove ineffective assistance of counsel, appellant must show that (1)
trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  Strickland, 466 U.S. at 688B92.  
Moreover, appellant bears the burden of proving his claims by a
preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998).  

In assessing appellant=s claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  We presume counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  When, as in this
case, there is no proper evidentiary record developed at a hearing on a motion
for new trial, it is extremely difficult to show that trial counsel=s performance was deficient.  See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  If there is no
hearing or if counsel does not appear at the hearing, an affidavit from trial
counsel becomes almost vital to the success of an ineffective-assistance
claim.  Stults v. State, 23 S.W.3d 198,
208B09 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d). 
The Court of Criminal Appeals has stated that it should be a rare case
in which an appellate court finds ineffective assistance on a record that is
silent as to counsel=s trial strategy.  See Andrews v. State, 159 S.W.3d 98,
103 (Tex. Crim. App. 2005) (stating that facts at hand presented a Arare case@ in which
ineffective assistance can be found on direct appeal based on a record silent
as to counsel=s trial strategy). Absent an opportunity
for trial counsel to explain her actions, appellate courts should not find
ineffective assistance unless the challenged conduct was A>so outrageous that
no competent attorney would have engaged in it.=@ Goodspeed v.
State, __S.W.3d__, 2005 WL 766996, at *2 (Tex. Crim. App. Apr. 6, 2005)
(quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). 








Before this court
may conclude counsel was ineffective for failure to make an objection,
appellant must show the trial court would have erred in overruling the
objection. See Vaughn v. State, 931 S.W.2d 564, 566 (Tex. Crim. App.
1996).   Appellant cannot make this
showing.  If there are elements of a
photograph that are genuinely helpful to the jury in making its decision, the
photograph is inadmissible only if the emotional and prejudicial aspects
substantially outweigh the helpful aspects. 
See Prible v. State, 175 S.W.3d 724, 734, n.20 (Tex. Crim. App.
2005); Erazo v. State, 144 S.W.3d 487, 489B90 (Tex. Crim.
App.  2004).  If a photograph is competent, material, and
relevant to the issue at hand, it is not rendered inadmissible merely because
it is gruesome or might tend to arouse the passions of the jury, unless it is
offered solely to inflame the minds of the jury.  Erazo, 144 S.W.3d at 490.  In addition, if there is admissible  testimony concerning the matters depicted in
the photograph, as there was in this case, then the photograph is generally admissible.  See id. 
A trial court is given wide discretion when deciding whether
photographs are admissible.   See
Sonnier v. State, 913 S.W.2d 511, 
519 (Tex. Crim. App.  1995).  

The photographs
admitted into evidence depict Mrs. Johnson=s property.   Appellant contends that defense counsel
should have objected to these photographs because if the jury would have viewed
only the outside of the structure, then they could have come to the conclusion
that the it was a Abusiness@ and not a Ahabitation.@    Appellant=s arguments lack
merit.  He  has not suggested, much less established, any
valid reason the photographs were subject to objection. The photographs aided
the jury in understanding Mrs. Johnson=s testimony about
the inside of the guest house. Any objection to these photographs would have
been futile.  It is not ineffective
assistance for counsel to forego making frivolous arguments and
objections.  Edmond v. State, 116
S.W.3d 110, 115 (Tex. App.BHouston [14th
Dist.] 2002, pet. ref=d). 
Moreover, appellant did not file a motion for new trial and points to
nothing in the record to support his arguments on appeal.  

Appellant has not
shown that his counsel=s performance was deficient, or that he
was prejudiced by his counsel=s failure to
object to the photographs.  Nor has
appellant shown that his counsel=s failure to
object was A>so outrageous that
no competent attorney would have engaged in it.=@ Goodspeed,
__S.W.3d at__, 2005 WL 766996, at *2.  
Accordingly, we overrule appellant=s second issue. 

 








C.      Did the appellant preserve error as to his
complaint that the prosecutor improperly commented on his failure to testify
during closing argument? 

In his third issue, appellant
contends that during closing argument the prosecutor made improper
comments  on appellant=s failure to testify.  Appellant complains about the following
excerpt from the State=s closing argument:

[Prosecutor]: Officer Dunn, I asked him
if he asked the defendant what he was doing on the property. He said, yes. Did
he answer you? Yes. Did you ask him again? Yes, I asked him again. Was he
cooperative? No. And I stopped my questioning. 

Defense counsel asked did he
give you an explanation for what he was doing in that house? Officer Dunn, yes,
several.  What does that tell you? Some
of you sitting here, well, what did he say, I want to know.  The law doesn=t allow it. We can only present the evidence the law
allows. The law does not allow that evidence. He=s giving him several answers.[1]








Appellant contends that the
italicized statements above were improper comments on his  failure to testify at trial.  Appellant, however, failed to object on this
or any other basis in the trial court.  A
party must object and pursue the objection to an adverse ruling in order to
complain on appeal about an erroneous jury argument or to complain on appeal
that an instruction to disregard could not have cured an erroneous jury
argument.  Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996).  
Even when argument is so inflammatory that an instruction to disregard
would not be sufficient to cure the error, counsel must object and obtain an
adverse ruling to preserve error for appellate review.  See
Tex. R. App. P.  33.1(a) (stating
that an appellant must make a timely objection); Campos v. State, 946
S.W.2d 414, 417 (Tex. App.BHouston [14th Dist.] 1997, no pet.) (recognizing that Cockrell
overruled prior caselaw which held that counsel need not object to blatant
and inflammatory argument).  Appellant
did not preserve error because he did not timely object and did not request an
instruction to cure the allegedly improper argument.  Therefore, 
appellant waived his right to complain about the comment.  See Cockrell, 933 S.W.2d at 89
(holding that [defendant] waived appellate review of his claim that prosecutor
impermissibly commented during closing argument of guilt‑innocence stage
of assault trial on defendant=s failure to testify, where no objection was lodged); see
also Wead v. State, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004) (holding
that the court of appeal erred in considering [appellant=s] argument that the prosecutor=s comment amount to a comment on
[appellant=s] failure to testify since
[appellant] made no such argument in the trial court).  Accordingly, we overrule appellant=s third issue. 

Having overruled all of appellant=s issues on appeal, we affirm the
trial court=s judgment. 

 

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed May 25, 2006.

Panel
consists of Justices Hudson, Frost, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Emphasis
added.